### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

ALEXANDER W. DUNLAP,

     Plaintiff,

     v.

KARIN NIELSEN, ET AL.,

     Defendants.

Case No. 16-CV-2400-JAR

### MEMORANDUM & ORDER

Before the Court is Defendants' First Through Third Motions *in Limine* (Doc. 62). Plaintiff did not file a timely response to the motions and the time to do so has expired. For the reasons explained below, the Court grants the first motion and denies the second and third motion.

### I. Legal Standard

A motion *in limine* "gives a court the chance to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."[1] In ruling on motions *in limine*, the Court applies the following well-established standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its *limine* ruling based on developments at trial or on its sound judicial discretion. Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling *in limine* does not relieve a party from the responsibility of making objections,

---

[1] *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002) (internal quotes and citations omitted), *aff'd*, 349 F.3d 1276 (10th Cir. 2003).

raising motions to strike or making formal offers of proof during the course of trial.[2]

## II.  First Motion *in Limine* to Exclude Offers of Compromise or Settlement

Defendants seek to exclude any references to and/or evidence of, the furnishing of, offering or promise to furnish, the acceptance of, offering of and/or the promise to accept a valuable consideration in compromise or in an attempt to compromise any claim at issue in this case within the meaning of Fed. R. Evid. 408.  The Court grants this motion as reasonable and unopposed.[3]

## III.  Second Motion *in Limine* to Exclude Evidence of an Agency Relationship Between Tyghe and Karin Nielsen

Defendants move the Court to exclude all references to and/or purported evidence of any purported agency relationship between decedent Tyghe Nielsen and defendant Karin Nielsen, whether "express," "implied," or "ostensible or apparent," including, *inter alia*, those that were not disclosed in the Pretrial Order or during discovery.  Defendants essentially argue that no relevant evidence has been uncovered on the authenticity of Karin's signature.  More specifically, Defendants argue the letter from attorney Leslie Kulick and the emails between Karin and Plaintiff cannot represent a "manifestation of" Karin's intent that Tyghe acted as her agent for purposes of "signing" Promissory Notes "One" and "Two" because they were sent many months after the notes were executed.[4]

The purpose of a motion *in limine* is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury.  Because

---

[2] *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000).

[3] *See* D. Kan. Rule 7.4 ("If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice.").

[4] Doc. 62 at 10.

this matter is set for a bench trial, the danger of undue prejudice is negligible. The Court finds it will be better situated during the actual trial to assess the value and utility of each piece of evidence on agency and the authenticity of Karin's signature.[5] Accordingly, the Court denies the second motion *in limine*.

## IV.     Third Motion *in Limine* To Exclude Claims Against the Estate

Defendants argue that Plaintiff had actual knowledge of the nonclaim period on or no later than August 28, 2017, as evidenced by his references to the published notices in his response to Defendant's motion for summary judgment. And because there is no evidence that Plaintiff filed a claim in probate court before September 27, 2017, Defendant maintains that Plaintiff's claims against the Estate are barred by Kansas' nonclaim statute. Defendants thus move the Court to exclude from evidence all claims, facts or contentions that Plaintiff may obtain a timely and allowable claim against Tyghe Nielsen, deceased, or against his decedent's estate.

This is not an *in limine* request, but another bite at the summary judgment apple. Defendants had previously argued on summary judgment that Plaintiff's claims against the Estate were barred by the nonclaim statute because Plaintiff received actual notice: 1) when Wiemers first published the Notice to Creditors, 2) when Defendants filed their answers and asserted K.S.A. § 59-2239 as an affirmative defense, and/or 3) when Defendants served Plaintiff with hardcopies of the Notice as part of Rule 26(a)(1) disclosures.[6] This Court rejected these arguments and found none of these events provided actual notice to Plaintiff of the nonclaim

---

[5] *Rettiger v. IBP, Inc.*, No. 96-4015-SAC, 1999 WL 318153, at *1 (D. Kan. Jan. 6, 1999) (recognizing that a court is almost always better situated during the actual trial to assess the value and utility of evidence); *Alan L. Frank Law Assocs., P.C. v. OOO RM Invest*, No. 16-22484-CIV, 2016 WL 9348064, at *1 (S.D. Fla. Nov. 30, 2016) (stating the more prudent course in a bench trial is to resolve all evidentiary doubts in favor of admissibility).

[6] Doc. 53 at 12.

period. Defendants now add Plaintiff's response to the summary judgment as an actual-notice event. But the deadline for filing dispositive motions in this case has already passed. Likewise, the deadline to file a motion to alter or amend the Court's order on summary judgment has passed.[7] Because the third motion seeks the exclusion of a claim, rather than of specific evidence, the Court denies the third motion as an untimely motion for summary judgment.[8]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendants' First Through Third Motion *in Limine* (Doc. 62) is GRANTED IN PART AND DENIED IN PART as set forth above.

**IT IS SO ORDERED.**

Dated: March 23, 2018

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               CHIEF UNITED STATES DISTRICT JUDGE

---

[7] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[8] *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 870 (E.D. Mich. 2007) (denying motion to exclude evidence or argument related to punitive damages because it should have been raised in a motion for summary judgment); *Accurso v. Infra-Red Servs., Inc.*, 169 F. Supp. 3d 612, 616–17 (E.D. Pa. 2016) (denying motion to exclude any evidence which goes to establish personal liability because it was in actuality a motion for summary judgment).