## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALEXANDER W. DUNLAP,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 16-CV-2400-JAR** |
| **KARIN NIELSEN, ET AL.,** | |
| **Defendants.** | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Alexander W. Dunlap filed this breach of contract and promissory estoppel action, alleging Defendants Karin Nielsen, the Estate of Tyghe Nielsen (the "Estate"), and Nielsen Capital Finance, LLC ("NCF") refused to pay amounts due on two promissory notes signed by Tyghe and Karin Nielsen, in their individual capacities, and/or as members of NCF.[1] After this Court granted Defendants summary judgment on Plaintiff's promissory estoppel claim, the parties tried the breach of contract claims to the Court on March 28, 2018.

At the close of Plaintiff's presentation of evidence, Defendants orally moved for judgment on behalf of Karin because there was no evidence that she was a party to any contract with Plaintiff. The Court declined to render any judgment until the close of the evidence pursuant to Fed. R. Civ. P. 52(c) and took the motion for judgment under advisement. The Court also took Defendants' objections to Plaintiff's exhibits 1–14, 26, and 36–41 under advisement. After considering the arguments, evidence, and testimony presented by the parties, the Court now issues its findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a). For the

---

[1] For convenience, the Court will refer to the Nielsens individually by their first names.

reasons explained in detail below, the Court overrules Defendants' objections to Plaintiff's

exhibits and grants judgment in favor of Defendants.

## I.    Findings of Fact

This Court previously set forth a detailed statement of uncontroverted facts in ruling on

Defendants' motion for summary judgment.[2]  The Court incorporates the stipulations set forth in

the Pretrial Order and in the Summary Judgment Memorandum and Order ("SJO") to the extent

they are relevant and are not explicitly recited herein.

Tyghe and Karin Nielsen were married for over nine years preceding his death. Around

2009, Tyghe was diagnosed with cancer. By 2012, Tyghe was unable to work at his occupation

as a physician.  Around September 17, 2013, Tyghe formed NCF, with him as its sole member.

Tyghe and Plaintiff were former colleagues at a hospital in Jonesboro, Arkansas. They

became friends after working together for several years. They maintained their friendship even

after Tyghe moved to Kansas in 2010.

On or about October 28, 2014, Plaintiff Alex Dunlap loaned $150,000 to NCF.  On or

about November 27, 2014, Plaintiff made a $50,000 loan to NCF.  Both loans were

memorialized with documents that contained two signatures, one was Tyghe's and the other

purported to be Karin's.

Tyghe died on December 3, 2015.  On May 24, 2016, Dustin Wiemers, one of Tyghe's

creditors, filed a Petition for Appointment of Special Administrator for the Estate of Tyghe

Nielsen in the District Court of Miami County, Kansas, Probate Section under case number

2016-PR-000046 (the "Probate Case").  Weimers published a Notice to Creditors of the May 24,

---

[2] Doc. 53.

2016 Petition in the *Kansas City Star* beginning June 2, 2016 and ending June 16, 2016, and in

the *Miami County Republic* beginning June 8, 2016 and ending June 22, 2016.

On June 3, 2016, Karin recorded the Last Will and Testament of Tyghe Lindberg Nielsen

("Tyghe's Will") in the Probate Case. On July 14, 2016, the Probate Court admitted Tyghe's

Will and appointed Karin as substitute Executor. Tyghe's Will expressly states that it "shall not

extend the statute of limitations for payments of debts, or enlarge upon my legal obligation or

any statutory duty to pay debts."[3]

## II.    Analysis and Conclusions of Law

The Court has subject matter jurisdiction under 28 U.S.C. § 1332. The Court also has

personal jurisdiction over the parties, and venue properly rests with this Court.

### A.    Objections to Exhibits

At trial, Defendants objected to Plaintiff's exhibits 1–14, 26, and 36–41 based on

relevancy and the Court's *in limine* ruling to exclude evidence of offers of compromise or

settlement pursuant to Fed. R. Evid. 408. The Court sustains the objections to the extent these

exhibits were offered to establish liability based on any settlement proposals. The Court

overrules the relevancy objections and will consider these exhibits for the limited purpose of

determining Karin's knowledge and motive regarding the debts.

### B.    Claims Against Karin

The breach of contract claims against Karin depend entirely on the validity of her

signature on the loan documents. The Court heard testimony from Plaintiff as well as from

Karin, and finds both witnesses credible. Plaintiff testified that: 1) he cannot identify Karin's

signature, 2) he did not speak to Karin about the loans before Tyghe died, and 3) he had no

---

[3] Doc. 42-8 at 12.

3

personal knowledge regarding Karin's signature nor whether she authorized anyone to sign her name on the loan documents.  Karin testified that: 1) she did not sign the loan documents at issue, 2) she did not authorize anyone to sign those documents, and 3) she had no knowledge of Plaintiff's loans to NCF at the time of the loans.

Karin also provided exhibits that she testified she signed during the relevant time frame, *i.e.*, around the time the loan documents were executed,[4] and during this lawsuit.[5]  The Court carefully compared Karin's signatures on checks dated September-October 2014 that were unrelated to the loan, with her purported signatures on the loan documents.  The Court finds that the signatures are markedly different.  The Court also compared Karin's signatures on these same checks with her signatures on documents filed during this lawsuit, and finds that the signatures are very similar.  Again, the signatures on documents filed during the lawsuit are markedly different than the signatures on the loan documents.  The Court finds that Karin did not sign the loan documents.

Based on the evidence at trial, the Court concludes that: 1) Karin had no knowledge of the loan documents at the time they were made; 2) she did not sign or authorize anyone to sign the loan documents on her behalf; and 3) she was not a party to any contract with Plaintiff.  Accordingly, Karin is entitled to judgment on the breach of contract claims.

C.    **Claims Against the Estate**

At the close of evidence, Defendants asked the Court to take judicial notice of Plaintiff's Response to Defendants' Motion for Summary Judgment[6] to conclude that the claims against the

---

[4] Defendants' Ex. 804.

[5] Defendants' Exs, 801–03.

[6] Doc. 47.

Estate are barred because Plaintiff received actual notice of the nonclaim period no later than

August 28, 2017 and Plaintiff did not file a claim in the Probate Case before the Kansas

nonclaim period expired.[7]  Plaintiff asked the Court to strike the motion to take judicial notice as

moot, arguing this Court had previously resolved this issue in the SJO and had concluded none

of the events constituted actual notice.

The Court finds Plaintiff's argument unpersuasive.  Defendants had previously argued on

summary judgment that Plaintiff's claims against the Estate were barred by the nonclaim statute

because Plaintiff received actual notice: 1) when Wiemers first published the Notice to Creditors,

2) when Defendants filed their answers and asserted K.S.A. § 59-2239 as an affirmative defense,

and/or 3) when Defendants served Plaintiff with hard copies of the Notice as part of Rule

26(a)(1) disclosures.  This Court rejected these arguments and found none of these three events

provided actual notice to Plaintiff of the nonclaim period.  Defendants, however, did not raise

Plaintiff's references to the published Notice to Creditors in his summary judgment response as

an actual-notice event.  Thus, this Court never determined whether that event constituted actual

notice of the nonclaim period.

Under Fed. R. Evid. 201, the Court may take judicial notice, at any stage of the

proceeding, of a fact "that is not subject to reasonable dispute because it . . . can be accurately

---

[7] Kansas' nonclaim statute, K.S.A. § 59-2239, provides:

> (1) All demands . . . against a decedent's estate . . . including any demand
> arising . . . on account of or arising from any liability as surety, guarantor or
> indemnitor, and including the individual demands of executors and
> administrators, shall be forever barred from payment unless the demand is
> presented within the later of: (a) four months from the date of first publication of
> notice under K.S.A. 59-2236, and amendments thereto; or (b) if the identity of
> the creditor is known or reasonably ascertainable, 30 days after actual notice
> was given, except that the provisions of the testator's will requiring the payment
> of a demand exhibited later shall control.

and readily determined from sources whose accuracy cannot reasonably be questioned."[8] Judicially noticed documents "may only be considered to show their contents, not to prove the truth of matters asserted therein."[9] Judicial notice is mandatory when requested by a party and the Court is provided the necessary information.[10] Plaintiff offers no authority, other than a mistaken belief that the Court has previously ruled on this issue, to refuse to take judicial notice of a pleading filed in this case and the Court is aware of none. Accordingly, the Court will take judicial notice of Plaintiff's summary judgment response.

Plaintiff's references to the published Notice to Creditors in his summary judgment response establishes that he received actual notice of the nonclaim period no later than August 28, 2017. And because there is no evidence that Plaintiff presented a claim in the Probate Case within thirty days of receiving actual notice of the nonclaim period, the Court concludes the claims against the Estate are barred by K.S.A. § 59-2239. Tyghe and the Estate are thus entitled to judgment on the claims against them.

**IT IS THEREFORE ORDERED BY THE COURT THAT** judgment should be entered in favor of Defendants on all claims.

**IT IS SO ORDERED.**


Dated: <u>March 30, 2018</u>

           S/ Julie A. Robinson
           JULIE A. ROBINSON
           CHIEF UNITED STATES DISTRICT JUDGE

---

[8] Fed. R. Evid. 201(b)(2).

[9] *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006) (citation and quotation marks omitted).

[10] Fed. R. Evid. 201(c)(2).